IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-209-FL
NO. 5:10-CV-114-FL

| | |
|---|---|
| CHRISTOPHER RAESEAN JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>_____ ) | **MEMORANDUM AND RECOMMENDATION** |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-91) *pro se* Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-88). Petitioner has filed a response (DE-94) and the Government's Motion to Dismiss is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-91) be GRANTED and that Petitioner's Motion to Vacate (DE-88) be DENIED.

**I. Background**

Petitioner was charged in an indictment on August 10, 2005 with: 1) possession with intent to distribute more than five grams of cocaine base (crack); 2) possession of a firearm in furtherance of a drug trafficking crime; and 3) possessing a firearm after having been previously convicted of a crime punishable by a term of imprisonment exceeding one year (DE-1). Mr. James A. Martin entered a notice of appearance for Petitioner on December 28, 2005 (DE-8). On April 10, 2006, Petitioner pled guilty to Counts One and Two of the indictment (DE's 28-30). This guilty plea

was memorialized in a Plea Agreement filed and approved by this Court (DE-30). In the plea agreement, Petitioner agreed:

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence In any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea (DE-30, pg. 2).

A motion to withdraw as counsel was filed by Mr. Martin on October 21, 2006 (DE-41). In support of this motion, it was noted that Petitioner believed he had been "tricked into signing the written plea agreement" (DE-41, pg. 2). On October 26, 2006, the motion to withdraw was granted and the Federal Public Defender was ordered to assign Petitioner new counsel (DE-42). Mr. James M. Ayers, II entered a notice of appearance on October 30, 2006 (DE-44). However, Mr. Ayers later withdrew his representation because a conflict of interest was discovered (DE-56). After Mr. Ayers withdrew, Mr. Robert J. McAfee was appointed to represent Petitioner (DE-58). Thereafter, on February 7, 2007, Petitioner filed a motion to withdraw his guilty plea (DE-59). Argument was heard on this motion on March 21, 2007, and the request was ultimately denied (DE-60). Petitioner was sentenced on April 16, 2007 to, *inter alia*, a total of 292 months imprisonment (DE-64). A Notice of Appeal was filed with the United States Court of Appeals for the Fourth Circuit on April 25, 2007 (DE-61). In this appeal, Petitioner challenged, *inter alia*, the denial of his motion to withdraw his guilty plea (DE-82). On October 21, 2008, the Fourth Circuit found this claim to be without merit and affirmed Petitioner's conviction and sentence (DE-82). Petitioner filed a Petition for Writ of Certiorari with the United States Supreme Court on January

29, 2009 (DE-95). That Petition was denied on March 4, 2009 (DE-95). Plaintiff filed the instant Motion to Vacate on March 18, 2010 (DE 88-1).

## II. Legal Standards and Analysis

### A. Motion to Dismiss

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950. Without such "heft," Id. at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," Id. at 1949, fail to nudge claims "across the line from conceivable to plausible." Id. at 1951 (quotations omitted).

Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than

3

those drafted by attorneys. *See* Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B. 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2255(f)(1-4).

Petitioner's conviction became final on March 4, 2009 when the Supreme Court denied certiorari. United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009). Accordingly, Petitioner had until March 4, 2010 to timely file his § 2255 motion. However, Petitioner's Motion to Vacate was not properly filed until March 18, 2010 (DE 88-1). Therefore, Petitioner's Motion to Vacate is untimely on its face, and must be dismissed unless it is eligible for equitable tolling.

4

The doctrine of equitable tolling generally is appropriate in two distinct situations: where the petitioner was prevented from asserting his claim by some wrongful conduct on the part of the respondent, or where extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id*. Specifically:

> any resort to equity must be reserved for those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
> *Id.*

Here, there is no assertion that the Government prevented Petitioner from asserting his claim by some wrongful conduct. Thus, Petitioner must establish that extraordinary circumstances beyond his control made it impossible to file the claim on time. Petitioner has failed to meet this burden.

On February 8, 2010, Petitioner requested by letter "an extension of time for . . . [his] 2255 to be filed" (DE-86). No action was taken by the Court based on this letter. Petitioner attempted to file his Motion to Vacate on or about February 26, 2010. However, the undersigned entered an order on March 2, 2009 returning the attempted filing to Petitioner because it was not signed (DE-87). Petitioner did not properly file his Motion to Vacate until March 18, 2010 (DE 88-1).

Generally, a defendant seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. *See* Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005);

5

Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline or unfamiliarity with the legal process does not support granting such extraordinary relief. *See* Harris, 209F.3d at 330. Likewise, Petitioner's unfamiliarity with the process of properly filing a 2255 petition does not justify equitable tolling. *See, e.g.*, United States v. Sosa, 364 F.3d 507, 512 (4th Cir.2004) (pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (noting that unfamiliarity with the law due to illiteracy does not toll limitations period). Thus, there are no extraordinary circumstances that prevented Petitioner from bringing a timely § 2255 motion. Moreover, the claim raised by Petitioner in his Motion to Vacate relates to a hearing conducted on March 21, 2007. Therefore, it cannot be said that Petitioner has diligently pursued his rights. Accordingly, the undersigned RECOMMENDS that Petitioner's Motion to Vacate be dismissed on the grounds that it is time-barred.

Moreover, Petitioner's Motion to Vacate fails to state a claim even if it was timely. In his Motion to Vacate, Petitioner claims that Mr. McAfee provided ineffective assistance of counsel with regard to Petitioner's motion to withdraw his guilty plea (DE-88).

A defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw a guilty plea. Fed.R.Crim.P. 11(h). When considering a motion to withdraw a guilty plea, six factors are considered: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether the withdrawal will cause prejudice to the government; and (6) whether the withdrawal will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir.1991).

During Petitioner's direct appeal, the Fourth Circuit stated:

> Here, the district court applied the factors courts must consider in determining whether to permit withdrawal of a guilty plea. *See* Ubakanma, 215 F.3d at 424. Our review of the record convinces us that the district court did not abuse its discretion in denying Johnson's motion to withdraw. See United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007) (stating standard of review). We therefore affirm Johnson's convictions.
> (DE-82, pg. 3).

Generally, issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.1976). Here, Petitioner essentially seeks to re-litigate a previously decided issue by couching it as an ineffective assistance of counsel claim. Regardless, to establish an ineffective assistance of counsel claim Petitioner must satisfy two well-established requirements. First, he "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). *See also* Satcher v. Pruitt, 126 F.3d 561, 572 (4th Cir. 1997), *cert. denied* 522 U.S. 1010 (1997). Review of counsel's performance in this regard is highly differential. Strickland, 466 U.S. at 689. Second, petitioner must also demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. *See also* Satcher, 126 F.3d at 57.

Mr. McAfee made the following argument during the hearing on Petitioner's motion to withdraw his guilty plea:

> Mr. McAfee: Judge, I am in a difficult position. This issue of withdrawing the guilty plea . . . it's against my advice . . .for a couple of reasons. One it, it is certainly would endanger his acceptance of responsibility reduction . . . Second, and probably more beneficial to him, would be that if her were able to continue a course of conduct of cooperating with the Government, he could potentially earn a much greater reduction that he ever could by withdrawing the plea and trying to renegotiate it, even if it could be renegotiated . . .

7

> I met with [Petitioner] and discussed his two options, he could go forward with withdrawing the guilty plea, in which case, everything is off the table, taking and rolling the dice essentially. Or second, continuing the cooperation because it looks like we have a potential case he can actually get on the stand on. He called me back and said I want to – you know, I want to cooperate, I want to continue the course . . .
>
> The first factor would be whether or not [Petitioner] has offer credible evidence that his plea was not knowing or voluntary . . . [Petitioner's] position [is] that the representations made by Mr. Martin concerning the terms of his plea were false or otherwise somehow misleading. So, he would argue that that rendered his entry of the plea not knowing or not voluntary . . .
>
> Second, whether [Petitioner] has credibly asserted his legal innocence. My client has not done so in any filing that he sent to the Court as far as I know.
>
> Number three, whether there's been a delay between the entry of the plea and the filing of the motion. He did enter the plea on April 10th of 2006, and I believe notified the Court in February of 2007. So, there is a delay there . . .
>
> Fourth . . .whether [Petitioner] has had close assistance of competent counsel . . .[Petitioner disagrees] with what Mr. Martin had advised him would be the consequences of the plea . . .
>
> Fifth . . . whether withdraw would cause prejudice to the Government. I'll allow . . . [the Government] to address that . . .
>
> Six, whether it would inconvenience the Court or waste judicial resources. I think a withdrawal of any guilty plea necessarily encompasses an inconvenience to the Court and use of judicial resources . . .
> (DE-74, pg. 4-11).

Based on this record, Petitioner has failed to demonstrate that Mr. McAfee's representation fell below an objective standard of reasonableness. On the contrary, the record indicates that Mr. McAfee had valid reasons for advising Petitioner against withdrawing his guilty plea. Nonetheless, Mr. McAfee capably addressed each of the relevant factors during the hearing in this matter. Moreover, even assuming, *arguendo*, that Mr. McAfee's representation was not

8

objectively reasonable, Petitioner has also failed to demonstrate that but for counsel's unprofessional errors, the result of the proceeding would have been different. The record clearly indicates that the relevant factors weighed against permitting Petitioner to withdraw his guilty plea.

## Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-91) be GRANTED and that Petitioner's Motion to Vacate (DE-88) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, June 21, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE