IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.5:05-CR-209-FL
NO.5:10-CV-114-FL

| | |
|---|---|
| CHRISTOPHER RAESEAN JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 88). Also before the court is petitioner's motion for an extension of time to file a § 2255 petition (DE # 86) and motion for transcripts (DE # 86). On May 5, 2010, respondent filed a motion to dismiss and motion for summary judgment (DE # 91). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein he recommends that the court deny petitioner's motion to vacate and grant respondent's motion to dismiss. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge, denies petitioner's motion to vacate and grants respondent's motion to dismiss. The court also denies petitioner's motion for an extension of time and denies as moot petitioner's motion for transcripts.

## STATEMENT OF THE CASE

Petitioner was charged in an indictment on August 10, 2005, with three counts: (1) possession with intent to distribute more than five grams of cocaine base (crack); (2) possession of a firearm in furtherance of a drug trafficking crime; and (3) possessing a firearm after having been previously convicted of a crime punishable by a term of imprisonment exceeding one year. (M&R ¶ 1). On April 10, 2006, petitioner pled guilty to counts one and two of the indictment (DE # 30). Petitioner's guilty plea was memorialized in a plea agreement filed and approved by the court. In the plea agreement, petitioner agreed:

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea (DE # 30, p. 2).

Petitioner's first counsel, Mr. James A. Martin, filed a motion to withdraw as counsel on October 21, 2006 (DE # 41). In support of the motion, it was noted that petitioner felt he was "tricked into signing the written plea agreement" (DE # 41). On January 28, 2007, Mr. Robert J. McAfee was appointed to represented petitioner (DE # 58). On February 7, 2007, petitioner filed a motion to withdraw his guilty plea (DE # 59). Argument was heard on this matter on March 21, 2007, and the request was denied (DE # 60). Petitioner was sentenced on April 16, 2007, to 292 months imprisonment (DE # 64).

2

A Notice of Appeal was filed with the Fourth Circuit on April 25, 2007 (DE # 61). In his appeal, petitioner challenged the court's denial of his motion to withdraw his guilty plea (DE # 82). On October 21, 2008, the Fourth Circuit found petitioner's claim to be without merit and affirmed petitioner's conviction and sentence (DE # 82). Petitioner filed a petition for writ of certiorari with the United States Supreme Court on January 29, 2009 (DE # 95).

Petitioner filed a motion to vacate on March 18, 2010 (DE # 88). Respondent filed a motion to dismiss and motion for summary judgment on May 5, 2010 (DE # 91). On June 21, 2010, the magistrate judge entered M&R recommending that respondent's motion to dismiss be allowed.

## DISCUSSION

I. Motion for Extension of Time

On February 8, 2010, petitioner filed a motion for extension of time to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. At the time petitioner filed the motion for an extension of time, he had not filed a § 2255 motion. A district court lacks jurisdiction to consider the timeliness of a § 2255 motion until such a motion actually is filed. See United States v. Leon, 203 F.3d 162, 164 (2nd Cir. 2000); Ramirez v. United States, 461 F. Supp. 2d 439, 440 2006 WL 3257042, * 1 (E.D. Va. Nov. 8, 2006). Petitioner properly filed his § 2255 petition on March 18, 2010, after the statute of limitations had run. Although a district court may opt to recharacterize a timely motion for an extension of time as a § 2255 petition, it should do so only in the limited instance where the motion for extension of time "contains allegations sufficient to support a claim under section 2255." Ramirez, 461 F. Supp. at 441 (citing Green v. United States, 260 F.3d 78, 83 (2d. Cir. 2001)).

3

Petitioner's motion for extension of time does not contain any allegations sufficient to support a claim under section 2255. As a result, this court will not characterize petitioner's motion for an extension of time as a § 2255 petition, and his motion for extension of time is DENIED.

II.   Memorandum and Recommendation

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of a specific and timely filed objections, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The magistrate judge first analyzed petitioner's claim under the timeliness rules of 28 U.S.C. § 2255. Claims under 28 U.S.C. § 2255 are subject to a one year statute of limitations. § 2255(f). The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4). The magistrate judge noted that petitioner's conviction became final on March 4, 2009, when the Supreme Court denied certiorari. See United States v. Linder, 552 F.3d

4

391, 396 (4th Cir. 2009). Thus, petitioner had until March 4, 2010, to file his § 2255 motion, yet he did not file it until March 18, 2010. The magistrate judge noted that equitable tolling did not apply in petitioner's case because petitioner has not shown that he was either prevented from asserting his claim by wrongful conduct by the respondent, or that extraordinary circumstances prevented him from filing his claim on time. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). The magistrate judge correctly noted that petitioner's unfamiliarity with either the legal process or process of properly filing a § 2255 petition does not justify equitable tolling. See, e.g., Harris, 209 F.3d at 330; United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

The magistrate judge reviewed petitioner's claims regarding the denial of his request to withdraw his guilty plea and his claim of ineffective assistance of counsel. Petitioner challenged the "conduct of the proceedings" at the hearing regarding the withdraw of his guilty plea, specifically his counsel's behavior. (Pet'r's Rebuttal to Resp't's Mot. to Dismiss ¶ 3). The magistrate judge noted the Fourth Circuit's finding regarding petitioner's direct appeal; its view of the record "convinces us that the district court did not abuse its discretion in denying [petitioner's] motion to withdraw." (DE # 82, p. 3). Furthermore, the magistrate judge reviewed counsel's comments during petitioner's hearing to withdraw his guilty plea, and found counsel's statements and judgment to be reasonable. Additionally, petitioner has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 689, 694 (1984). Thus, the court ADOPTS the findings and recommendations of the magistrate judge in full.

III.   Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and petitioner failed to make a "substantial showing" of the denial of a constitutional right. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

In summary, upon careful review of those portions of the M&R to which no objection has been made, as well as a review of the relevant case law, pleadings, and motions, the court ADOPTS the findings and recommendations of the magistrate judge in full, DENIES petitioner's motion to vacate, and GRANTS respondent's motion to dismiss. Additionally, petitioner's motion for

6

Case 5:05-cr-00209-FL   Document 99   Filed 10/13/10   Page 6 of 7

extension of time (DE # 86) is DENIED and his motion for transcripts (DE # 86) is DENIED as moot. The Certificate of Appealability is DENIED.

SO ORDERED, this the 13th day of October, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge

7

Case 5:05-cr-00209-FL   Document 99   Filed 10/13/10   Page 7 of 7