## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

No. 5:05-CR-209-FL-1
No. 5:12-CV-304-FL

| | | |
|---|---|---|
| CHRISTOPHER RAESEAN JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court upon the motion of the government to dismiss [DE-107] the motion by Petitioner Christopher Raesean Johnson ("Petitioner") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. [DE-103]. Petitioner has responded to the government's motion to dismiss. [DE-109]. The government's motion was referred to this court in accordance with 28 U.S.C. § 636(b)(1)(B) and is considered here as a recommendation to the District Court. *See also* FED. R. CRIM. P. 59(b)(1). For the following reasons, it is recommended that the government's motion to dismiss [DE-107] be allowed.

## I. BACKGROUND

On August 10, 2005, a Grand Jury sitting in the Eastern District of North Carolina returned a bill of indictment against Petitioner containing the following charges: one count of possession with intent to distribute more than five grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) ("count one"), carrying a firearm during and in relation to a drug trafficking crime and possession of such firearm in furtherance of said drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) ("count two"), and knowingly possessing in and affecting commerce a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 ("count three"). [DE-1].

On February 15, 2006, Petitioner filed a motion for leave to file a motion to suppress and a motion to suppress out of time. [DE-14, 15]. The court allowed Petitioner leave to file the out of time suppression motion and the motion was referred to a magistrate judge. [DE-17]. On April 3, 2006, the magistrate judge held a suppression hearing and subsequently entered an order denying Petitioner's motion to suppress. [DE-25, 27].

On April 10, 2006, represented by counsel and pursuant to a plea agreement, Petitioner entered a plea of guilty to counts one and two of the indictment. Mem. of Plea Agreement [DE-30]. The plea agreement stated in relevant part that Petitioner agreed:

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

*Id.* ¶ 2c (emphasis added). The court examined Petitioner on the terms of the plea agreement, specifically whether he understood the terms of the plea agreement and whether he agreed with the terms contained therein knowingly and voluntarily, to which Petitioner responded in the affirmative. *See* Trans. of Rule 11 Plea Hrg. at 9-10 [DE-110-1].[1]

On May 11, 2006, the magistrate judge withdrew the order on Petitioner's motion to suppress and issued a memorandum and recommendation ("M&R") on Petitioner's motion,

---

[1]Subsequent to Petitioner's motion, the transcript of Petitioner's arraignment proceeding was electronically filed for review by the court and the parties. *See* Tr. of Preliminary Instructions to Rule 11 Plea Hrg. [DE-110] & Tr. of Rule 11 Plea Hrg. [DE-110-1] (filed out of numerical sequence).

wherein the magistrate judge recommended Petitioner's motion to suppress be denied. [DE-32].
Petitioner was notified of his right to file objections to the M&R and that the failure to object to
the M&R may result in waiver of his right to appeal from a judgment of the court based on
findings contained in the M&R. [DE-33]. Petitioner did not file objections to the M&R.

On February 7, 2007, the court received from Petitioner a handwritten letter which the
court construed as a motion to withdraw his guilty plea. [DE-59]. Petitioner states in the letter
that he did not want to sign the plea agreement but that his former lawyer had "tricked" him into
signing the plea agreement, and that as a result of the agreement and his lawyer's misconduct and
coercion, he is facing 292 to 365 months incarceration. *Id.* Petitioner requested the court
consider the withdrawal of his plea on the grounds that his plea was "illegally induced." *Id.*

On March 21, 2007, represented by new counsel, Petitioner appeared before the court for
purposes of sentencing at which the court addressed Petitioner's pending motions. [DE-60]. The
court denied Petitioner's request to withdraw his guilty plea and his motion to suppress. *Id.*
Thereafter, the court continued Petitioner's sentencing to April 16, 2007. *Id.*

On April 16, 2007, Petitioner appeared before the court with counsel for purposes of
sentencing. Under the then-existing Fourth Circuit precedent of *United States v. Harp*, 406 F.3d
242 (4th Cir. 2005), Petitioner's prior state court convictions qualified as felony offenses for
federal sentencing purposes.[2] As such, Petitioner was designated a career offender and, thus,

---

[2] According to Petitioner's Presentence Investigation Report ("PSR"), Petitioner was
convicted in Wake County Superior Court of (1) possession with intent to sell cocaine,
possession with intent to deliver cocaine, selling cocaine, and delivering cocaine and (2)
possession with intent to sell and deliver cocaine served as predicate felonies for federal
sentencing purposes. *See* PSR ¶¶ 19, 20, 43. According to the PSR, the convictions were scored
for sentencing purposes as two separate convictions over Petitioner's objection. *Id.*; *see*
Addendum to PSR at 1.

3

subject to sentence enhancement under U.S.S.G. § 4B1.1.[3] PSR ¶¶ 37-49. The court imposed a

sentence of imprisonment for a period of 232 months as to count one and 60 months of

imprisonment as to count two, to run consecutively, for a total term of 292 months of

imprisonment. J. in a Crim. Case [DE-64] at 2.[4] The court imposed further a five year term of

supervised release with respect to both counts to run concurrently, special conditions and a

special assessment of $200. *Id.* at 3-5.[5] The court dismissed count three upon the government's

motion. *Id.* at 1; [DE-63].

On April 25, 2007, through counsel, Petitioner appealed of his conviction and sentence

and the denial of his motion to withdraw his guilty plea. [DE-61]. In addition, Petitioner

submitted supplemental briefing raising the following additional issues on direct appeal: (1) the

---

[3] Petitioner received a base offense level of 26 under the advisory United States Sentencing Guidelines. Application of the career offender status increased Petitioner's base offense level to 34. Two points were subtracted from Petitioner's guideline computations, accounting for his acceptance of responsibility, resulting in a total offense level of 32. *See* PSR ¶¶ 37-45.

[4] The statutory term of imprisonment upon conviction under 21 U.S.C. § 841(b)(1)(B) is not less than 5 or more than 40 years. PSR ¶ 47 (citing 21 U.S.C. § 841(b)(1)(B)). The statutory term of imprisonment upon conviction under 18 U.S.C. § 924(c)(1)(A)(i) is not less than 5 years or more than life, consecutive to any other term of imprisonment. *Id.* ¶ 48 (citing 18 U.S.C. § 924(c)(1)(A)(i)). Based on a total offense level of 32 and a criminal history category of VI, Petitioner's guideline range for imprisonment was 210 to 262 months. However, based on Petitioner's career offender status, pursuant to U.S.S.G. § 4B1.1, the guideline imprisonment range for counts 1 and 2 was 292 to 365 months. PSR ¶ 49 (citing U.S.S.G. § 4B1.1, Application Note 3(D)).

[5] Statutorily, a term of at least 4 years of supervised release is required upon imprisonment for conviction under 21 U.S.C. § 841(b)(1)(B); whereas, the guideline range is at least 4 years but no more than 5 years. PSR ¶¶ 51-52 (citing U.S.S.G. § 5D1.2(c)). The court may impose a concurrent term supervised release of up to five years following a term of imprisonment upon conviction under 18 U.S.C. § 924(c)(1)(A). *Id.* ¶¶ 53-54 (citing 18 U.S.C. §§ 3583(b)(1), 3624(e) & U.S.S.G. §§ 5D1.1 and 5D1.2).

4

government breached the plea agreement by failing to debrief him, to which the government had committed by its agreement to advise the court at sentencing as to the extent of Petitioner's cooperation, (2) the district court engaged in "unlawful factfinding" that Petitioner had committed two prior convictions and erred in applying the career offender statute, and (3) the district court erred in its acceptance of the career offender statute when the § 851 notice was not timely filed by the government. Def.'s Supp. to Direct Appeal 07-4454 [DE-42][6] at 1-5; *see* Mot. under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody ("First § 2255 motion") [DE-88] at ¶ 9. On October 21, 2008, in a *per curiam* opinion, the Fourth Circuit issued its judgment, affirming Petitioner's convictions finding the court did not abuse its discretion in denying Petitioner's motion to withdraw, and that the sentence imposed by the district court was reasonable. [DE-83] at 3-4. The Fourth Circuit ruled the issues raised by Petitioner in his supplemental brief to be without merit. *Id.* at 2 n.1. On November 12, 2008, the Fourth Circuit issued its formal mandate. [DE-84].[7]

On March 22, 2010, Petitioner filed his first motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. [DE-88]. The sole issue raised in Petitioner's first post-conviction relief motion was whether his counsel was ineffective at the April 16, 2007 hearing on his motion to withdraw his guilty plea. *Id.* at 16. On May 5, 2010, the government moved to dismiss Petitioner's motion, or alternatively for summary judgment. [DE-91]. On October 13,

---

[6] Petitioner's supplemental brief is found in the CM/ECF docket of the United States Court of Appeals for the Fourth Circuit http://www.ca4.uscourts.gov/.

[7] Petitioner has indicated he subsequently filed a petition for certiorari to the United States Supreme Court which was denied. First § 2255 Motion [DE-88] ¶ 9(g); *see also* Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Fed. Custody [DE-103] at ¶ 9(g).

5

2010, the court entered an order adopting the memorandum and recommendation of a magistrate judge and denying Petitioner's motion and granting the government's motion to dismiss. [DE-99].

Thereafter, on June 1, 2012, through counsel, Petitioner filed a second motion under 28 U.S.C. § 2255 seeking to vacate his sentence currently pending before the court. [DE-103]. In his motion, Petitioner argues his sentence was wrongfully enhanced in light of the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (2011) (en banc). Mem. in Supp. of Mot. to Vacate under 28 U.S.C. § 2255 [DE-104] at 3-5. In particular, Petitioner argues that under the *Simmons* definition of a felony offense, only one of his prior drug-trafficking convictions may serve as a predicate for the career offender enhancement. *Id*. at 4. Accordingly, Petitioner did not have the requisite two felony convictions for either drug trafficking crimes or crimes of violence at the time the court determined the proper calculation of Petitioner's guidelines and applied the career offender enhancement. *Id*. Next, Petitioner argues he is eligible for relief under the Fair Sentencing Act of 2010 ("FSA"). *Id*. at 5-6. In particular, Petitioner argues that because he is no longer a career offender, proper calculation of his sentence requires the application of the retroactive 2011 cocaine base sentencing guidelines. *Id*. at 5. Ultimately, Petitioner asserts that application of these guidelines results in a sentencing range calculation as to count one of 41-51 months imprisonment rather than the calculated 292-365 month range. *Id*.

The government has moved to dismiss Petitioner's motion on the grounds that: (1) the court lacks jurisdiction over the dispute because Petitioner failed to obtain a pre-filing certification before filing his "second or successive" motion for relief, (2) Petitioner has waived

6

consideration of his motion through the appeal waiver contained in his plea agreement with the government, and (3) Petitioner's motion is untimely and the time by which his motion must be filed should not be equitably tolled. Mot. to Dismiss ("Gov't's Mot.") [DE-107] at 1-2; Mem. in Supp. of United States' Mot. to Dismiss ("Gov't's Mem.") [DE-108]. Petitioner has responded in opposition to the government's motion. Resp. in Opp'n to United States' Mot. to Dismiss ("Pet'r's Resp.") [DE-109].

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the court lacks subject matter jurisdiction. When the subject matter of the court is challenged, the burden of proving subject matter jurisdiction rests with the party asserting the court has subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R. Co. (Richmond) v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A party may attack the subject matter jurisdiction of the court on the grounds that the complaint fails to allege facts upon which subject matter jurisdiction can be based, or on the grounds that the jurisdictional facts alleged are untrue. *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A district court should allow a Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond*, 945 F.2d at 768 (citing *Adams*, 697 F.2d

7

at 1219).

**B. Rule 12(b)(6)**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of

the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v.*

*City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations

must be enough to raise a right to relief above the speculative level' and have 'enough facts to

state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562

F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations."). "[A]

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."

*Twombly*, 550 U.S. at 555 (citations omitted). In considering a motion to dismiss, the court

assumes the truth of all facts alleged in the complaint and the existence of any fact that can be

proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872

(4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)) (internal quotation marks

omitted). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor

"accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore*

*Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

8

## C.    28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a Petitioner stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, prisoners in federal custody may attack the validity of their convictions pursuant to 28 U.S.C. § 2255. Section 2255 provides a means for a Petitioner convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* (internal quotation marks omitted). "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). However, a petitioner is free to "waive his right to collaterally attack his sentence and conviction, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

9

## III. DISCUSSION

### A. This court lacks jurisdiction over Petitioner's motion.

As set forth in 28 U.S.C. § 2255(h),

[a] second or successive motion must be certified as provided in section 2244 by a
panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of
> the evidence as a whole, would be sufficient to establish by clear and
> convincing evidence that no reasonable factfinder would have found
> the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on
> collateral review by the Supreme Court, that was previously
> unavailable.

If pre-filing authorization is not obtained when required by this provision, the district

court lacks jurisdiction to consider the § 2255 motion. *See United States v. Winestock*, 340 F.3d

200, 205–06 (4th Cir. 2003) (recognizing that the district court lacks jurisdiction in the absence

of pre-filing authorization to consider entire habeas corpus application which contains any

abusive or repetitive claims). "While 'it is settled law that not every numerically second [§ 2255

petition] is 'second or successive' within the meaning of the [Antiterrorism and Effective Death

Penalty Act of 1996],' second petitions challenging the same conviction and sentence based on a

subsequent change in substantive law are deemed to be successive and require authorization from

the court of appeals in order to be filed." *Bryant v. United States*, Nos. 2:03–CR–1-BO, 2:11-CV-

72-BO, 2012 WL 2236984, at *1 (E.D.N.C. Jun. 15, 2012) (citations omitted and alterations in

original). Because Petitioner has previously challenged his conviction and sentence via § 2255;

the court dismissed that initial challenge on the merits; and Petitioner now challenges via § 2255

10

that same conviction based on a change in the substantive law, that is, *Simmons*, he must seek authorization to file this second § 2255 motion. *See id.* at \*1–2 (dismissing second § 2255 motion which raised a *Simmons* claim where petitioner had filed earlier a § 2255 motion claiming prosecutorial misconduct and ineffective assistance of counsel); *see also Mills v. United States*, Nos. 5:03-CR-249-1-BR, 5:12-CV-422-BR, 2012 WL 3594627, at \* 1-2 (E.D.N.C. Aug. 20, 2012) (same); *Everette v. United States*, Nos. 5:01-CR-68-1-BO, 5:04-CV-358-BO, 2012 WL 4486107, at \*1-2 (E.D.N.C. Sept. 28, 2012). Accordingly, Petitioner's motion should be dismissed for lack of subject matter jurisdiction.

## B.  Petitioner's motion is untimely and equitable tolling does not apply.[8]

Section 2255(f) provides that a § 2255 motion must be filed within a one-year period of limitation from the latest of four possible triggering events: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(1)-(4).  "If a [petitioner] cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely."  *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

---

[8]  The remaining discussion addresses alternative grounds on which the government's motion should be allowed.

Petitioner contends that his § 2255 motion is timely under § 2255(f)(4). Pet'r's Resp. at 11-13. Petitioner argues that "[t]he facts in the instant case became discoverable on August 17, 2011, the date the Fourth Circuit decided *Simmons*." *Id.* at 11. Petitioner therefore contends that the one-year period of limitation for filing his § 2255 motion should be deemed to have commenced on the date of the issuance of the Fourth Circuit's decision in *Simmons*, thereby making his motion, filed June 1, 2012, timely for purposes of § 2255(f)(4). Petitioner supports his contention by citing *Johnson v. United States*, 544 U.S. 295 (2005), and *Gadsen*. Pet'r's Resp. at 11-12.

The Supreme Court in *Johnson* and the Fourth Circuit in *Gadsen* each held that a state court's vacatur of a petitioner's prior state conviction constituted a "fact" under § 2255(f)(4). As a result, the limitation period began tolling on the date of notice of the state-court vacatur. *Johnson*, 544 U.S. at 310. "Although 'facts' in this context have been held to include court rulings and the legal consequences of known facts, the court ruling or legal consequence must have occurred in the petitioner's *own case*." *Goode v. United States*, Nos. 5:06-CR-81-BO-1, 5:12-CV-345-BO, 2012 U.S. Dist. LEXIS 142370, at *2, 2012 WL 4577244, at *1 (E.D.N.C. Oct. 2, 2012) (internal citation omitted) (citing *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005)); *see also United States v. Hardison*, Nos. 4:08-CR-77-FL-2, 4:11-CV-196-FL, 2011 U.S. Dist. LEXIS 148702, at *4-5, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) (observing that *Johnson* and *Gadsen* each involved the vacatur of petitioner's *own* prior state conviction directly eliminating petitioner's status as a convict). Here, Petitioner has not pointed to any action invalidating his state convictions. Therefore, *Simmons* was not part of Petitioner's own litigation history and does not apply directly to him. *See Hardison*, 2011 U.S. Dist. LEXIS

12

148702, at *4-5, 2011 WL 6780783, at *2. While *Simmons* may have changed the landscape of classifying state convictions for federal sentencing purposes, Petitioner's state convictions have not been vacated so the reasoning employed in *Johnson* and *Gadsen* to trigger § 2255(f)(4) does not apply.

Petitioner next argues that equitable tolling should apply to render his motion timely. Pet'r's Resp. at 13-14. The Supreme Court has held that a petitioner is entitled to equitable tolling of the statutory limitations period if: (1) he has been pursuing his rights with "reasonable diligence" and (2) some extraordinary circumstance prevented him from timely filing. *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010). The Fourth Circuit has defined "extraordinary circumstances" as (a) extraordinary circumstances, (b) beyond the petitioner's control or external to his own conduct, (c) that prevented him from filing on time. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner argues the Fourth Circuit's decision in *Simmons* was an extraordinary circumstance beyond his control that prevented him from filing a timely § 2255 motion. Pet'r's Resp. at 13-14. The crux of Petitioner's argument is that *Simmons* announced a substantive rule and had the Supreme Court heard *Simmons* and affirmed the ruling, the Supreme Court would have announced a new substantive rule to be applied retroactively, thereby giving rise to a timely claim under § 2255(f)(3). Pet'r's Resp. at 14. Among the assumptions made in Petitioner's argument is that *Simmons* announced a substantive rule.

However, the Fourth Circuit has recently ruled in *United States v. Powell*, 691 F.3d 554, 558-59 (4th Cir. 2012), that *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S. Ct. 2577 (2010), the case on which *Simmons* relied, articulated a procedural rule, rather than a substantive one; that the rule is not retroactively applicable to cases on collateral review; and does not permit a

13

petitioner to benefit from the one-year period of limitation under § 2255(f)(3). *See also Goode,* 2012 U.S. Dist. LEXIS 142370, at \*3, 2012 WL 4577244, at \*1 (petition untimely under § 2255(f)(3) and (4) and equitable tolling was inapplicable); *Porter v. United States,* Nos. 5:08-CR-371-BO-1, 5:12-CV-298-BO, 2012 U.S. Dist. LEXIS 129708, at \*4, 2012 WL 4017923, at \*1 (E.D.N.C. Sept. 12, 2012)(same). *Powell* explained that a rule is substantive if "it alters the range of conduct or the class of persons that the law punishes" and procedural if it "merely regulates *'the manner of determining* the defendant's culpability.'" 691 F.3d at 558 (quoting *Schriro v. Summerlin,* 542 U.S. 348, 353 (2004)). New substantive rules are applied retroactively on collateral review whereas procedural rules generally are not retroactively applicable. *Id.* Given *Powell's* determination that the *Carachuri* rule is not a substantive rule to be applied retroactively, this court finds that equitable tolling is not available and that Petitioner has failed to present additional facts to demonstrate otherwise. *See Goode,* 2012 U.S. Dist. LEXIS 142370, at \*3, 2012 WL 4577244, at \*1 (finding equitable tolling did not apply in light of *Powell*); *Porter,* 2012 U.S. Dist. LEXIS 129708, at \*3-4, 2012 WL 4017923, at \*1 (announcing the same proposition).

## C. Petitioner's motion is waived by operation of the appellate waiver contained in the plea agreement.

In the event Petitioner's § 2255 motion is found to be timely, the government alternatively relies on Petitioner's waiver of his appellate rights, including the right to contest a sentence in a post-conviction proceeding pursuant to § 2255, as grounds for dismissal. Gov't's Mem. at 5-6. Petitioner, in turn, asserts that the plea agreement and waiver of his appellate rights should be voided as a result of a mutual mistake between Petitioner and the government as to the

14

applicability of the career offender enhancement. Pet'r's' Resp. at 3-4. Additionally, Petitioner

argues his claim under *Simmons* could not have been contemplated at the time he entered his plea

agreement and, as a result, his motion falls outside the scope of his plea agreement waiver. *Id.* at

5-7.

## 1. Mutual Mistake

Petitioner argues that the mutual mistake present in the instant case is that "both parties

entered into the plea agreement with the mutual understanding that [Petitioner] had been

convicted of crimes that served as predicates for the career offender enhancement." Pet'r's Resp.

at 3. It is well-recognized that the principles of contract law may be helpful in deciding issues

pertaining to plea agreements, though not determinative. *See United States v. Dawson*, 587 F.3d

640, 645 (4th Cir. 2009). The law of mutual mistake in contracts provides that a contract is

voidable by the adversely affected party if there is a "mistake of both parties at the time a

contract was made as to a basic assumption on which the contract was made" which has a

material effect on contract performance and the adversely affected party does not bear the risk.

*Restatement (Second) of Contracts* § 152 (1981).[9] A mistake is defined as a "belief that is not in

accord with the facts." *Id.* § 151. The mistaken belief "must relate to the facts as they exist at the

time of the making of the contract." *Id.* at Comment a. Predictions or judgments about events to

occur in the future do not constitute a mistake. *Id.* Though not intuitive, facts do include the law

in existence at the time the contract is made. *Id.* at Comment b. Here, at the time the plea

_____

[9] It should be noted that "[a] plea agreement, like any contract, allocates risk" and "the
possibility of a favorable change in the law occurring after a plea is one of the normal risks that
accompan[ies] a guilty plea." *United States v. Johnson*, 410 F.3d 137, 153 (4th Cir. 2005)
(citations omitted).

agreement was entered into between Petitioner and the government, *Harp* was the law governing the classification of state convictions. Both parties knew of *Harp* and were not mistaken about its implications at the time of the agreement. The subsequent change in law stemming from *Simmons* more than five years later does not constitute a mutual mistake. *Harp* was within the parties present "world of facts" at the time of the plea agreement and any mistaken future prediction as to a potential change in law on the classification of state convictions has no significance here. Simply put, there was no mistake to even suggest that the basis of the plea agreement has been upset by the subsequent change in law. Because the court has determined there is no mistake at the outset, it will not address issues of materiality and allocation of risk which usually attend a discussion of mutual mistake. Accordingly, Petitioner's claim that the plea agreement is voidable by him due to mutual mistake has no merit.

### 2. Scope of the Appeal Waiver

A court will generally uphold a plea waiver if the record establishes the waiver is (1) valid and (2) the issue being appealed is within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). A petitioner is free to "waive his right to attack his conviction and sentence, so long as the waiver is knowing and voluntary." *Lemaster*, 403 F.3d at 220; *see also United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991) (finding waiver is valid only insofar as it is the result of a knowing and intelligent decision to forgo the right to appeal). An appellate waiver is generally considered to be knowing and intelligent where the court specifically questions the defendant about the waiver and the record reflects the defendant understood the significance of the waiver. *See Johnson*, 410 F.3d at 151. As to the issue of scope, the Fourth Circuit has identified a narrow class of claims that fall outside the scope of a

16

valid waiver of collateral attack rights and of direct appeal rights: (1) claims that the sentence was imposed in excess of the maximum penalty provided by law, (2) claims that the sentence was based on a constitutionally impermissible factor such as race, or (3) claims that the defendant was deprived of effective assistance of counsel at a proceeding following the entry of the waiver, such as at sentencing. *United States v. March*, No. 3:08-590-CMC, 2012 U.S. Dist. LEXIS 22178, at *11, 2012 WL 570183, at *4 (D.S.C. Feb. 22, 2012) (citing *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) & *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992)). Moreover, courts typically "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Johnson*, 410 F.3d at 151 (quoting *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003)) (internal quotation marks omitted).

Petitioner argues that it is unclear whether Petitioner entered the plea agreement knowingly and voluntarily. Specifically, Petitioner has requested an evidentiary hearing to determine whether the collateral attack waiver was knowing and voluntary.[10] Pet'r's Resp. at 4-5. The court has reviewed the transcript from Petitioner's arraignment before the court on April 10, 2006. Tr. of Preliminary Instructions to Rule 11 Plea Hr'g. [DE-110]; Tr. of Rule 11 Plea Hr'g. [DE-110-1]. During arraignment proceedings, Petitioner was advised if he waived his right to appeal as part of a plea agreement it may be binding upon him. [DE-110] at 6. Petitioner responded to direct inquiry from the court that he had reviewed the plea agreement with his attorney before signing the agreement and that he understood all terms of the plea agreement

_____

[10] The filing of the April 10, 2006 plea hearing transcript obviates the need for an evidentiary hearing in this case as the transcript indicates the court adequately addressed the waiver provision, including the waiver of collateral attack, contained in Petitioner's plea agreement. [DE-110. -110-1].

Case 5:05-cr-00209-FL   Document 111   Filed 11/16/12   Page 17 of 21

including the appeal waiver provision. [DE-110-1] at 9. Additionally, the court determined Petitioner was competent to understand the arraignment proceedings and that he was not coerced into entering a plea in pursuant to a plea agreement. *Id.* at 4, 9-10. The record confirms that Petitioner entered his plea agreement knowingly and voluntarily as he was specifically questioned about it. Having determined Petitioner's waiver of his post-conviction rights was valid, the court must next determine whether Petitioner's current challenges to his sentence fall outside the waiver's scope.

Petitioner contends that his claim under *Simmons* is not barred by an appeal waiver because his particular post-conviction claim falls outside the parameters of his plea waiver. Pet'r's Resp. at 5-7. Petitioner contends that enforcement of the waiver will result in a "miscarriage of justice." *Id.* at 7.

However, alleged errors in interpreting or applying the sentencing guidelines, such as the instant career offender enhancement, generally fall short of the complete miscarriage of justice showing necessary to support § 2255 relief as stated above. *See Mikalajunas*, 186 F.3d at 496 (finding that an alleged error in enhancing defendants' "offense levels for restraint of the victim is merely an allegation of an ordinary misapplication of the guidelines that does not amount to a miscarriage of justice" to warrant relief under § 2255); *United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) (stating "in the absence of 'a complete miscarriage of justice,' . . . guideline claims ordinarily are not cognizable in § 2255 proceedings") (citations omitted). Indeed, as the Fourth Circuit explained, "[a] plea agreement, like any contract, allocates risk" and "the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompan[ies] a guilty plea." *Johnson*, 410 F.3d at 153 (citations omitted).

18

The only Fourth Circuit case to allow a petitioner's § 2255 sentencing error claim in spite of a valid appellate waiver is the unpublished decision of *United States v. Yancey*, No. 11-4792, 2012 U.S. App. LEXIS 2035, 2012 WL 313752 (4th Cir. Feb. 2, 2012). In *Yancey*, the court held that the appellate waiver did not bar the defendant's claim that he was improperly classified as a career offender; however, the only basis provided by the court for its holding was the government's agreement at sentencing that the defendant could appeal his career offender classification. *See Yancey*, 2012 U.S. App. LEXIS 2035, at \*3 n.1, 2012 WL 313752, at \*1 n.1. Unlike in *Yancey*, here, the record does not reflect the government agreed at sentencing that Petitioner could appeal his career offender classification. Thus, the terms of Petitioner's plea agreement still control.

A recent line of cases in this district, all citing *Yancey*, has held that whether a defendant was properly classified as a career offender in light of *Simmons* is not barred by an appeal waiver, even if that waiver was knowing and voluntary. *See Woodard v. United States*, Nos. 5:10-CR-191-BO, 5:12-CV-106-BO, 2012 U.S. Dist. LEXIS 58626, at \*7-8, 2012 WL 1438477, at \*2 (E.D.N.C. Apr. 25, 2012); *Mahorn v. United States*, Nos. 5:06-CR-128-BO-1, 5:12-CV-188-BO, 2012 U.S. Dist. LEXIS 52230, at \*3-4, 2012 WL 1253051, at \*1 (E.D.N.C. Apr. 13, 2012); *Mathis v. United States*, Nos. 7:09-CR-139-1BO, 7:11-CV-266-BO, 2012 U.S. Dist. LEXIS 48842, at \*15, 2012 WL 1156438, at \*5 (E.D.N.C. Apr. 6, 2012); *Graham v. United States*, Nos. 5:10-CR-18-BO-2, 5:12-CV-19-BO, 2012 U.S. Dist. LEXIS 46853, at \*4, 2012 WL 1120018, at \*1 (E.D.N.C. Apr. 3, 2012); *Farmer v. United States*, Nos. 5:02-CR-131-BO-1, 5:11-CV-642-BO, 2012 U.S. Dist. LEXIS 46840, at \* 3, 2012 WL 1119920, at \*1 (E.D.N.C. Apr. 3, 2012). The holding in each of these cases is premised on the finding that a *Simmons*

19

claim is encompassed within the category of errors that fall outside the scope of post-conviction waivers because the defendant "could not have reasonably contemplated" this error when the plea agreement was executed. For the reasons stated above, however, this court understands *Yancey* differently and does not find that its holding supports a similar finding in this case.

As the Fourth Circuit has made clear, errors that a defendant "could not have reasonably contemplated" involve only a "a narrow category of claims" and in particular, errors such as the imposition of a sentence in excess of the statutory maximum penalty or based on a constitutionally impermissible factor such as race. *See United States v. Powell*, No. 09-4679, 2010 U.S. App. LEXIS 3159, at \*3, 2010 WL 559709, at \*1 (4th Cir. Feb. 18, 2010). Petitioner's sentence was not above the statutory maximum nor was it based on an impermissible factor such as race. In short, Petitioner's sentence simply was not in violation of the law at the time it was imposed. Accordingly, this court finds that the Petitioner has effectively waived his right to challenge his sentence on the grounds he asserts in the instant post-conviction proceeding.

## IV. CONCLUSION

Based upon the foregoing, the court recommends the government's motion [DE-107] be ALLOWED. The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

20

Submitted, the 15th day of November, 2012.

_____
Robert B. Jones, Jr.
United States Magistrate Judge