IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-209-FL-1
No. 5:12-CV-304-FL

| | |
|---|---|
| CHRISTOPHER RAESEAN JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE 103), pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and the government's motion to dismiss (DE 109). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered memorandum and recommendation (M&R) wherein it is recommended that the court grant the government's motion and dismiss petitioner's motion to vacate. (DE 111). Petitioner filed objections to the M&R, and the issues raised are ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge, grants the government's motion and dismisses petitioner's motion.

## BACKGROUND

On April 10, 2006, petitioner pled guilty to possession with intent to distribute more than five grams cocaine base (crack), and possession of a firearm in furtherance of a drug trafficking crime. On April 16, 2007, petitioner was sentenced to a term of imprisonment of 232 months on the drug trafficking charge and a consecutive 60 month sentence on the possession of firearm charge. Petitioner was designated a career offender at sentencing, based on prior state convictions which

qualified under the law at that time as felony offenses for federal sentencing purposes. On April 25, 2007, petitioner appealed his conviction and sentence, and the Fourth Circuit affirmed petitioner's conviction and sentence on October 21, 2008. On March 22, 2010, petitioner filed his first motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The sole issue raised was whether counsel was ineffective at a April 16, 2007 on motion to withdraw guilty plea. (DE 88 at 16). On October 13, 2010, the court entered an order adopting the memorandum and recommendation of a magistrate judge and denying petitioner's motion and granting the government's motion to dismiss.

On June 1, 2012, petitioner filed the instant, second, motion under 28 U.S.C. § 2255, arguing that his sentence was wrongfully enhanced in light of Simmons. He argues that, following Simmons, he does not now qualify as a career offender because only one of his prior drug-trafficking convictions may serve as a predicate for the career offender enhancement. Further, he argues that because he no longer qualifies as a career offender on that basis, proper calculation of his sentence requires application of the retroactive 2011 cocaine base sentencing guidelines. The government moves to dismiss petitioner's motion on grounds that (1) the court lacks jurisdiction over the dispute because petitioner failed to obtain a pre-filing certification before filing his "second or successive" motion for relief, (2) petitioner has waived consideration of his motion through waiver in his plea agreement, (3) the motion is untimely. The M&R recommends dismissal on the first ground, and, in the alternative on the second and third grounds. Petitioner objects, arguing that the motion is not properly treated as successive, and that the motion is timely or equitable tolling is appropriate. Because the court agrees with the M&R that the motion is successive, the court will dismiss the motion on that ground, without reaching the waiver or timeliness issue.

2

## DISCUSSION

A "second or successive" § 2255 motion may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see United States v. Winestock, 340 F.3d 200, 205 (4th Cir.2003). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. Winestock, 340 F.3d at 205.

Because the instant motion attacks the same judgment of conviction and sentence as was earlier challenged by petitioner's prior § 2255 motion, on the basis of a change in substantive law, it is properly construed as a second or successive § 2255 motion and this Court is without jurisdiction to consider it in the absence of pre-filing authorization. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (suggesting that a Rule 60(b) motion based on a change in substantive law is in substance a second or successive habeas proceeding); Gilbert v. United States, 640 F.3d 1293, 1295 (11th Cir. 2011) (holding that petitioner who claims his career offender enhancement is invalid in light of subsequently decided authority may not raise the issue in a second § 2255 motion filed with the district court as such a petition is barred by § 2255(h)).

Petitioner cites Panetti v. Quarterman, 551 U.S. 930, 944 (2007) for the proposition that his motion should not be treated as second or successive because it was "not ripe" when he filed his first motion to vacate. (Obj. 3). Quarterman, however, is inapposite, because it did not involve a second habeas petition brought on the basis of a change in substantive law, but rather involved a claim regarding petitioner's competency to be executed, which depended on a change of fact in petitioner's mental state following disposition of the first habeas motion. See Quarterman, 551 U.S. at 938 & 943.

3

Accordingly, where the court lacks jurisdiction to entertain petitioner's § 2255 motion, the motion must be dismissed.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the recommendation of the magistrate judge, GRANTS the government's motion to dismiss, and DISMISSES petitioner's motion to vacate. Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

SO ORDERED, this 3rd day of April, 2013.

LOUISE W. FLANAGAN
United States District Judge